DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DMITRY PONOMARENKO,**
Appellant/Petitioner,

v.

**FATIMA ESENOVA,**
Appellee/Respondent.

Nos. 4D19-2949 and 4D19-2993

[July 29, 2020]

Consolidated appeal and petition for writ of prohibition from/to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Ruth Gundersen, Judge; L.T. Case No. FMCE-18-002681.

Evelina Libhen of Evilina Libhen, P.A., Miami, and Jeffrey A. Rynor, Pamela A. Chamberlin and Holly S. Gross of Mitrani, Rynor, Adamsky & Toland, P.A., Miami Beach, for appellant/petitioner.

Ama-Mariya Hoffenden of The Law Offices of Ama-Mariya Hoffenden, PLLC, Hollywood, for appellee/respondent.

PER CURIAM.

Former husband appeals two orders of the trial court, one which denied his motion for relief from a final judgment of dissolution which incorporated a marital settlement agreement and the other which denied his petition to modify child support. He also filed a petition for writ of prohibition to disqualify the trial judge. We have consolidated that petition with this appeal for disposition.

We dismiss the appeal from the order denying relief from judgment, as the notice of appeal was filed over four months after its issuance, thus making it untimely. We affirm the final order denying the petition for modification, as the issues raised in the initial brief attack the original entry of the marital settlement agreement and not the modification proceedings.

Finally, we deny the petition for writ of prohibition as to the motions to disqualify the trial judge. Not only were they technically insufficient, we deem them legally insufficient as well.

Appellant's main source of contention with respect to disqualification is the limited amount of time the trial court gave him during the hearing to prepare a written motion of disqualification. He contends that *In re Aleman*, 995 So. 2d 395, 400 (Fla. 2008), is on point. *Aleman*, however, involved whether a judge violated the code of judicial conduct by allowing counsel only fifteen or twenty-two minutes to prepare a motion for disqualification in the middle of a first-degree murder trial in which the death penalty was sought. Then the judge threatened the lawyer with contempt. The type of proceeding and its extreme consequence was clearly a substantial factor in finding that the judge violated the code of conduct. *Aleman* does not stand for a rule of per se reversal any time a judge allows a limited time to prepare a motion for disqualification during trial. In this case, we conclude that the court did not abuse its discretion in limiting the time for preparing the motion for disqualification.

The other issues noticed in the appeal, but not argued, are deemed waived.

*Affirmed as to the final order denying the petition for modification; dismissed as to the order denying relief from judgment; and denied as to the petition for writ of prohibition.*

WARNER, GROSS and GERBER, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**